UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| David Schrunk and Steven Sauer as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, the Minnesota Teamsters Construction Division Pension Fund, and the Minnesota Teamsters Construction Division Education and Training Fund,<br><br>    Plaintiffs,<br><br>vs.<br><br>Viita's Excavating, Inc.<br><br>    Defendant | Case No. _____<br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendant state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, the Minnesota Teamsters Construction Division Pension Fund, and the Minnesota Teamsters Construction Division Education and Training Fund ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

1

3.      Defendant Viita's Excavating, Inc. is a Minnesota business corporation with a registered address of 10520 Buboltz Road, Cook, MN 55723. Viita's Excavating is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.      This is an action by the Fund's Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5.      The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

6.      The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7.      Since at least May 15, 2015, Viita's Excavating has been bound to the terms of a series of Letters of Understanding between Viita's Excavating and the Teamsters General Local Union No. 346 ("LOUs")

8.      Viita's Excavating was bound to the terms of the LOUs through at least May 15, 2017.

9.      The LOU provides that Viita's Excavating is bound to a collective bargaining agreement negotiated between the Associated General Contractors of Minnesota Highway, Railroad & Heavy Construction Divisions and the Minnesota Construction Conference of Teamsters ("CBA").

10. The CBA provides that Viita's Excavating is automatically bound to the Trust Agreement for the Funds.

11. The CBA requires Viita's Excavating to contribute every month, not later than the 15th day of the following month, contributions to Funds in an amount set forth in the CBA for each hour worked by its employees covered by the CBA.

12. The CBA requires Viita's Excavating to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Viita's Excavating's monthly payment to the Fund.

13. The CBA states that Viita's Excavating shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 20th day of the following month in which the contributions are due.

14. Independent of the CBAs, 29 U.S.C. § 1059 requires employers such as Viita's Excavating to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

15. If Viita's Excavating fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Viita's Excavating is liable for all the hours worked by that individual for whom Viita's Excavating is unable to produce satisfactory records verifying the type of work being performed by that individual.

16. The CBA provides that if Viita's Excavating subcontracts any worked covered by the CBA, the subcontractor shall pay the fringe benefit contributions required by the CBA.

17. The CBA states that if Viita's Excavating becomes delinquent, Viita's Excavating shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

18. The CBA states that if Viita's Excavating becomes delinquent, Viita's Excavating shall be required to pay interest on all delinquent contributions at the rate of 8% per annum.

19. The CBA provides that the in the event that Viita's Excavating fails, refuses, or neglects to comply fully with any term or provision of the CBA relating to the payment of fringe benefit contributions and liquidated damages, or the conduct of auditing procedures and the furnishing of records and information in connection therewith, the Trustees shall have the right to cause legal action to be taken and that delinquent employer will be required to pay legal fees plus reasonable attorney fees.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

20. The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21. The Funds' authorized agent requested that Viita's Excavating produce a complete set of payroll and employment records as specified in the CBA for the period of May 15, 2015 through December 31, 2016 ("Audit Period").

22. Viita's Excavating produced its payroll and employment records for the Audit Period and the Fund's authorized agent determined there were hours worked by Viita's Excavating's employees covered by the CBA and LOUs for which Viita's Excavating did not submit contributions to the Funds.

4

23. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $5,328.04 is due and owing for delinquent contributions.

24. Viita's Excavating breached the terms of the LOUs and CBA by failing to pay the amount due for delinquent contributions for the Audit Period.

25. Viita's Excavating is liable to the Funds for the CBA and LOU-obligated fringe benefit amounts for all hours worked by its employees for whom Viita's Excavating is unable to produce satisfactory records verifying the type of work performed by any such individuals.

26. Pursuant to the LOUs and CBA, Viita's Excavating is liable to the Funds for all legal costs and reasonable attorney fees incurred in this action.

27. Viita's Excavating is liable to the Funds for liquidated damages and interest charges on the unpaid contributions for the Audit Period pursuant to the LOUs and CBA.

## COUNT II
## ERISA DAMAGES

28. The Funds re-allege and incorporate by reference paragraphs 1-27 herein.

29. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

30. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

31. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Viita's Excavating, Inc., as follows:

1. For judgment in the amount of $5,328.04 for delinquent contributions for the Audit Period.

2. For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3. For an award of costs, disbursements and attorneys' fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

Date: July 25, 2018         MCGRANN SHEA CARNIVAL
                            STRAUGHN & LAMB, CHARTERED


                    By:    s/ Amy L. Court
                            Carl S. Wosmek (Atty. No. 300731)
                            Amy L. Court (Atty. No. 319004)
                            Christy E. Lawrie (Atty. No. 388832)
                            800 Nicollet Mall, Suite 2600
                            Minneapolis, MN 55402
                            Telephone: (612) 338-2525
                            csw@mcgrannshea.com
                            alc@mcgrannshea.com
                            cel@mcgrannshea.com

                            *Attorney for Plaintiffs*

1091947.DOCX